BEFORE THE FIRST DIVISION, SEPTEMBER 11, 1963

No. 67972.—A. Ponnock & Sons *v.* United States, protest 61/6666 (Philadelphia).

OLIVER, Chief Judge:   This protest relates to certain pieces of wood that were classified as parts of toys, not specially provided for, under paragraph 1513 of the Tariff Act of 1930, as modified, and assessed with duty thereunder at the rate of 35 per centum ad valorem.   Plaintiff claims classification therefor as manufactures of wood, not specially provided for, under paragraph 412 of the Tariff Act of 1930, as modified, with a duty assessment at the rate of 16⅔ per centum ad valorem.

Five witnesses testified. All appeared on behalf of plaintiff. An outline of the record herein follows.

The present merchandise consists of 11 pieces of wood of various shapes and sizes (plaintiff's collective exhibit 1). They are never used in their imported condition. After importation, they are assembled with wheels, axles, and hardware of domestic manufacture, to form a combination horse and trailer (plaintiff's illustrative exhibit 2).

Because this is a case in which the samples have much influence in the disposition of the question before us, we set forth in detail a description of the combination horse and trailer (illustrative exhibit 2, *supra*). Of the 11 imported wooden pieces, 7 make up the horse, and the remaining 4 are used to form the body of the trailer. All of the wooden pieces, in their condition, as imported, are specially made, designed, and painted, for their exclusive ultimate use, to form the combination horse and trailer (illustrative exhibit 2), which, in its completed condition, is fitted with six wheels, made of light metal and covered with a striking color design. Through the head of the horse, there is strung a red-and-white cord of appropriate length and in such a manner as to simulate a riding bridle. On the base, or floor, of the trailer, there is colored paper with lithographed, or otherwise printed, colored pictures, obviously designed for children. This combination horse and trailer, as a finished entity, is an article which, in all of its details, is made to attract children.

The combined testimony of plaintiff's witnesses is to the effect that the combination horse and trailer under consideration is used by children between the ages of 10 months and 2 years, that children using the article sit astride the horse and propel themselves by moving their feet, and that such usage of the combination horse and trailer has the twofold purpose of amusing the children and of physical exercise and development, either in learning to walk or to strengthen their legs.

The basic issue herein is whether the combination horse and trailer (illustrative exhibit 2), of which the imported wooden pieces are component, or integral, parts, is a toy. If so, plaintiff's claim is without merit. That some wooden pieces, such as the imported ones under consideration, are occasionally used in the construction of the horse part, alone, as a finished article, is immaterial herein, in the light of plaintiff's positive testimony that the wooden pieces in question (collective exhibit 1) are dedicated for use, and are exclusively used, in the assembly of the combination horse and trailer (illustrative exhibit 2).

Tariff classification of merchandise as toys is controlled by statutory definition, set forth in paragraph 1513 of the Tariff Act of 1930, as follows:

PAR. 1513. * * * As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

Although it can be said from plaintiff's uncontradicted testimony that the use by children of the combination horse and trailer in controversy supplies physical exercise for them, such a factual condition is not sufficient to remove the article from classification as a toy. The statutory definition, hereinabove set forth, includes within the term, "toy," articles "suitable for physical exercise or for mental development." The controlling element in the said definition is the matter of chief use, and, as stated therein, such use shall be "for the amusement of children."

Here, as in all cases involving classification of merchandise as a toy, the sample is an important consideration in the disposition of the issue. Samples

are potent witnesses. *United States* v. *The Halle Bros. Co.*, 20 CCPA 219, T.D. 45995. The general construction of this combination horse and trailer lends support to the conclusion that the article is essentially a plaything for the amusement of children. The member of plaintiff company, who testified herein, stated that when "The youngster would get on top of it, it would give them the impersonation or impression rather that he was riding instead of walking and also be good as a physical exercise." (R. 11.) The toy buyer for a department store, who also appeared as a witness, testified that the use of the trailer is "an added incentive to the child" and prompts the child to put "something in there of a prize possession," giving the child "an interest in the vehicle." (R. 27.) Its highly decorative appearance and brightly painted parts, including the imported wooden pieces in question, are features attributable to this combination horse and trailer as an article that is chiefly used for the amusement of children. The mother of children, who used such a toy, testified that "It is colorful and the child just wanted to get on it and of course he just tried to trot along with it. A plain set does nothing for the child. In other words, he thinks he is going somewhere on something." (R. 39.)

"The law is well settled that the classification by the collector and his official acts are presumptively correct" (*McKesson & Robbins, Inc.* v. *United States*, 27 CCPA 157, C.A.D. 77), and it is equally "well established that the collector is presumed to have found every fact to exist that was necessary to sustain his classification" (*E. I. du Pont de Nemours & Co.* v. *United States*, 27 CCPA 146, C.A.D. 75). Under those principles, the presumption of correctness attaching to the collector's classification of the present merchandise as parts of toys includes a finding by the classifying officer that the combination horse and trailer, of which the wooden pieces in question are integral parts, is a toy, within the statutory definition thereof, paragraph 1513, *supra*. When plaintiff challenged the collector's classification herein, it assumed the burden of not only showing that the collector was wrong, but also proving the correctness of its claimed classification. *Yardley & Co., Ltd., et al.* v. *United States*, 41 CCPA 85, C.A.D. 533.

On the basis of the evidence adduced herein, plaintiff has not sustained its burden. The oral testimony and the samples, heretofore discussed, are not sufficient for a positive finding that the combination horse and trailer (illustrative exhibit 2) is not a toy, within the statutory definition of the term. Since the wooden pieces in question are concededly parts of the combination horse and trailer, it necessarily follows that plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification of the merchandise involved herein as parts of toys, and we so hold.

Counsel for plaintiff, in their brief, cite *Illfelder* v. *United States*, 1 Ct. Cust. Appls. 109, T.D. 31115, and *Louis Wolf & Co. et al.* v. *United States*, 19 CCPA 132, T.D. 45258, in which classification of merchandise as toys was discussed. Both of them arose under earlier tariff acts; the *Illfelder* case under the Tariff Act of 1897 (paragraph 418) and the *Wolf* case under the Tariff Act of 1922 (paragraph 1414). In neither of those earlier tariff acts was the classification of articles as toys governed by statutory definition, which was enacted, for the first time, in the Tariff Act of 1930, that is controlling herein. The *Illfelder* case laid down the judicial pronouncement, which was recognized in the *Wolf* case, that a toy "is essentially a plaything, something which is intended and designed for the amusement of children only, and which by its very nature and character is *reasonably* fitted for no other purpose." [Italics quoted.] In the light of the statutory definition of the term, "toy," paragraph 1513, *supra*, the judicial interpretation enunciated in the *Illfelder* case has no influence in the classification of merchandise as a toy.

Plaintiff also cites *Joseph Horne Co.* v. *United States*, 59 Treas. Dec. 1488, Abstract 14738, *Bullocks, Inc.* v. *United States*, 61 Treas. Dec. 1671, Abstract 20255; *May Dept. Stores Co.* v. *United States*, 67 Treas. Dec. 1145, Abstract 30248; and *Hardcastle Pennock* v. *United States*, 63 Treas. Dec. 637, T.D. 46317. Those cases involved different kinds of merchandise that were held not to be toys. In each of them, however, the conclusion was based on facts that were materially different from what the evidence herein shows. None of them has any bearing on this case.

The case of *United States* v. *F. W. Woolworth Co.*, 24 CCPA 338, T.D. 48770, is also discussed in plaintiff's brief. The importance thereof to the present issue is its emphasis on the tariff provisions governing classification of merchandise as toys. Referring to paragraph 1513 of the Tariff Act of 1930, and the statutory definition embodied therein, the appellate court stated as follows:

* * * The paragraph requires consideration of the purpose for which they [articles] are chiefly used, and that purpose must be "chiefly * * * for the amusement of children," if they are to be held classifiable as toys. The fact that a particular article may be used chiefly by children does not render it a toy. The statute requires that the use be chiefly for the amusement of children.

Our conclusion herein follows the statutory construction set forth in the above quotation from the *Woolworth* case.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the wooden pieces in question to be dutiable at the rate of 35 per centum ad valorem under paragraph 1513, as modified, *supra*, as parts of toys, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.